1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TOIYAGADUH STONE,                        No.  16-cv-01145-DAD-JLT

12              Plaintiff,                     ORDER DENYING DEFENDANTS'
                                               MOTION TO DISMISS AS MOOT AND
13         v.                                  REMANDING

14   SYSCO CORPORATION, et al.,                (Doc. No. 5)

15              Defendants.

16

17         This matter is before the court on October 6, 2016, for hearing of defendants' motion to

18   dismiss.  (Doc. No. 5.)  Attorney Jill Vecchi appeared telephonically on behalf of plaintiff

19   Toiyagaduh Stone.  Attorney Julie Kwun appeared telephonically on behalf of defendants Sysco

20   Corporation and Sysco Ventura, Inc.  Oral argument was heard and the motion was taken under

21   submission.  For the reasons stated below, defendants' motion to dismiss will be denied as moot

22   and the case will be remanded to state court for further proceedings.

23                          FACTUAL BACKGROUND

24         On June 8, 2016, plaintiff filed a class action complaint against defendants Sysco

25   Corporation and Sysco Ventura, Inc., in the Inyo County Superior Court.  (Doc. No. 1-1 at 2.)

26   Plaintiff's complaint defines the putative class as including all "persons who are employed or

27   have been employed by Defendants in the State of California as hourly, Non-Exempt truck

28   workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial

                                            1

1    workers, and/or other similar job designations and titles." (Doc. No. 1-1 at 12, ¶ 42.) Defendants

2    removed the action to this court on August 4, 2016, on grounds that it implicated questions of

3    federal law under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,[1]

4    and satisfied the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

5    § 1332(d). (Doc. No. 1 at 2.) On August 11, 2016, defendants filed a motion to dismiss the suit

6    in its entirety. (Doc. No. 5.) Plaintiff filed his opposition to the motion to dismiss on September

7    22, 2016. (Doc. No. 8.) Defendants filed their reply on September 29, 2016. (Doc. No. 10.)

8         Plaintiff's complaint presents the following eight claims against defendants: (i) failure to

9    pay all straight time wages in violation of California Labor Code § 222, (Doc. No. 1-1 at 28–30,

10   ¶¶ 86–87); (ii) failure to pay overtime wages in violation of Labor Code § 510, (*Id.* at 30–33,

11   ¶¶ 93, 100–108); (iii) failure to provide meal periods in violation of Labor Code §§ 226.7, 512,

12   and California Code of Regulations, Title 8, § 11090 (*Id.* at 33–26, ¶¶ 113–124); (iv) failure to

13   authorize and permit rest periods in violation of Labor Code § 226.7 and California Code of

14   Regulations, Title 8, § 11090, (*Id.* at 36–38, ¶¶ 129–139); (v) failure to comply with itemized

15   employee wage statement provisions in violation of Labor Code §§ 226(a), 1174, and 1175, (*Id.*

16   at 38–39, ¶¶ 144–146); (vi) failure to pay all wages due at the time of termination of employment

17   in violation of Labor Code §§ 201–203, (*Id.* at 39–41, ¶¶ 151–156); (vii) failure to reimburse and

18   illegal deductions in violation of Labor Code §§ 221, 2802, and California Code of Regulations,

19   Title 8, § 11090(8), (*Id.* at 41–42, ¶¶ 161–165); and (viii) unfair competition in violation of

20   California Business and Professions Code § 17200, (*Id.* at 42–44, ¶¶ 168–170). (Doc. No. 1-1 at

21   2.) Plaintiff seeks compensatory damages, injunctive relief, and attorneys' fees and costs. (*Id.* at

22   44–45.)

23        The complaint alleges the following. Plaintiff Toiyagaduh Stone, a California resident,

24   was a truck driver employed by defendant Sysco Ventura, a corporation that owns and operates

25   trucks, industrial vehicles, and industrial work sites. (Doc. No. 1-1 at 3, 8, ¶¶ 2, 28.)

26   _____

27   [1] The LMRA gives to federal courts original jurisdiction over actions brought for violations of a
     contract between an employer and a labor organization representing employees in an industry
     affecting commerce. *See* 29 U.S.C. § 185(a); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d

28   1180, 1184 (E.D. Cal. 2016).

2

1  During plaintiff's employment, defendants assigned work to employees that could not reasonably

2  be completed during the assigned shift.  (*Id.* at 34, 36–37, ¶¶ 115, 131.)  Defendants nonetheless

3  maintained "a continuous and widespread policy" of clocking out employees including plaintiff

4  for thirty minute meal periods, and thereby deducting thirty minutes of paid time regardless of

5  whether employees worked during those deduction periods.  (*Id.* at 3–4, ¶ 5.)  Defendants failed

6  to pay overtime when employees such as plaintiff worked over eight hours per day, and when

7  employees worked over forty hours per week.  (*Id.* at 31, ¶ 100.)

8         According to plaintiff, defendants' policies required California employees to work

9  through meal period and to work for over four hours without a ten minute rest period, but failed to

10  compensate employees for time worked on days when meal or rest periods were not provided.

11  (*Id.* at 4–5, ¶¶ 7–10.)  Defendants also did not provide second meal periods when employees

12  including plaintiff worked shifts of ten hours or more.  (*Id.* at 4–5, ¶¶ 8–9.)  Moreover, defendants

13  failed to reimburse or indemnify plaintiff and other employees for expenses incurred as a result of

14  discharging their work duties.  (*Id.* at 5, ¶ 11.)

15         Ultimately, plaintiff claims that as a result of the practices described above, defendants

16  failed to provide accurate itemized wage statements, failed to pay all wages due upon termination,

17  and were unjustly enriched.  (*Id.* at 38–44, ¶¶ 143–158, 168–177.)

18                                          LEGAL STANDARD

19         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

20  sufficiency of the complaint. *Makaeff v. Trump University,* LLC, 736 F.3d 1180, 1182 (9th Cir.

21  2013).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

22  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

23  F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the

24  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a)

25  does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state

26  a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

27  (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the

28  pleaded factual content allows the court to draw the reasonable inference that the defendant is

1   liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2           In determining whether a complaint states a claim on which relief may be granted, the

3   court accepts as true the allegations in the complaint and construes the allegations in the light

4   most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Novak v.*

5   *United States*, 795 F.3d 1012, 1017 (9th Cir. 2015). However, it is inappropriate to assume that

6   the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . .

7   laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

8   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

9           Here, defendants' motion to dismiss turns in part on whether plaintiff's claims are

10   preempted under the LMRA § 301. (Doc. No. 5.) Preemption under § 301 of plaintiff's second,

11   third, and fourth causes of action was the sole basis for defendants' removal of plaintiff's lawsuit

12   to federal court. (Doc. No. 1 at 6, ¶ 16). Accordingly, if this court determines that plaintiff's

13   claims are not subject to preemption under LMRA § 301, the court must remand this case to state

14   court and deny as moot defendants' motion to dismiss. *See* 28 U.S.C. § 1447(C) ("If at any time

15   before final judgment it appears that the district court lacks subject matter jurisdiction, the case

16   shall be remanded."); *see also Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1184

17   (E.D. Cal. 2016); *Sanchez v. Calportland Co.*, No. 2:15–cv–07121–CAS–SHx, 2015 WL

18   6513640, at *5 (C.D. Cal. Oct. 26, 2015).

19                                              ANALYSIS

20           Defendants move to dismiss plaintiff's complaint in its entirety based on the following

21   five arguments: (i) plaintiff's first, second, third, and fourth causes of action are preempted by

22   § 301 of the LMRA; (ii) plaintiff's second and third causes of action are also barred by Labor

23   Code §§ 512(e) and 514; (iii) plaintiff's fifth cause of action fails because meal and rest period

24   claims cannot form the basis for a wage statement claim under California Labor Code § 226(a);

25   (iv) plaintiff's seventh cause of action for failure to reimburse illegal deductions under Labor

26   Code § 2802 is inadequately pled; and (v) plaintiff's fifth, sixth, and eighth causes of action fail

27   because they are derivative of claims subject to dismissal. (Doc. No. 5 at 7–8.) Defendants and

28   plaintiff also both request that the court take judicial notice of several documents. (Doc. Nos. 6 at

1   2; 8-1; 11)  The court will first address the parties' requests for judicial notice, and then will

2   consider defendants' arguments in support of dismissal.

3   **I.      Defendants' Request for Judicial Notice**

4           Defendants request that the court take judicial notice of the following: (i) the collective

5   bargaining agreement ("CBA") between defendants and Teamsters Local 186, a union

6   representing the bargaining unit of which plaintiff was a member, which is attached as an exhibit

7   to the notice of removal filed in the instant case, (Doc. Nos. 1-2 at 1-28; 6 at 6-32 ); (ii) an order

8   in *Pyara v. Sysco Corporation*, No. 2:15-cv-01209-JAM-KJN, 2016 WL 3916339 (E.D. Cal. July

9   20, 2016), (Doc. No. 6 at 34–53); (iii) a minute order entered in *Simon v. Sysco Corp.*, No. 37-

10  2014-00012263-CU-OE-CTL (San Diego County Superior Court), (*Id.* at 55–57); and (iv) a

11  notice of demurrer in the *Simon* action, (*Id.* at 59–62).  (Doc. No. 6 at 2.)  Defendants also request

12  judicial notice of an order denying a motion to remand in *Ayala v. Destination Shuttle Services*

13  *LLC*, No. 2:13-cv-06151-GAF (PJWx) (C.D. Cal. 2013), and the bill analysis of Senate Bill 1255

14  by the California Assembly Committee on Labor and Employment from the hearing held on June

15  20, 2012.[2]  (Doc. No. 11 at 3.)

16          The court denies defendants' request for judicial notice of the CBA because it is

17  unnecessary to take judicial notice of documents already filed in the docket for this action.  *See*

18  *Beal v. Royal Oak Bar*, No. C 13-04911 LB, 2014 WL 1678015, at *2 n.2 (N.D. Cal. April 28,

19  2014) ("Because these documents are already filed in the docket for this action, it is unnecessary

20  for the court to take judicial notice of them."); *Martinez v. Blanas*, No. 2:06-cv0088 FCD DAD

21  (PC), 2011 WL 864956, at *1 n.1 (E.D. Cal. Mar. 10, 2011) (denying defendant's request for

22  judicial notice as unnecessary, since the relevant documents were "a part of the record in this

23  action").

24          Although unnecessary with respect to decisions published by Westlaw, the court grants

25  defendants' request with respect to the judicial decisions from other tribunals, as "materials from

26  _____

27  [2]  California Senate Bill 1255 delineates which types of violations constitute injury under
    California Labor Code § 226, the state law requiring provision of itemized employee wage
    statements.  *See Escano v. Kindred Healthcare Operating Co., Inc.*, No. CV 09–04778 DDP

28  (CTx), 2013 WL 816146, at *12 (C.D. Cal. Mar. 5, 2013) (analyzing Senate Bill 1255).

1   a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d

2   910, 915 n.3 (9th Cir. 2003); *see also Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir.

3   2012) (explaining that courts may take judicial notice of "documents on file in federal or state

4   courts"); *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-cv-00861-KJM-EFB,

5   2015 WL 5436784, at *3 (E.D. Cal. Sept. 15, 2015); *see generally* Fed. R. Evid. 201 (governing

6   judicial notice of adjudicative facts).

7        The court also grants defendants' request for judicial notice of the legislative materials

8   from Senate Bill 1255, as these are "matters of public record" that may properly be judicially

9   noticed by the court. *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1042

10   (9th Cir. 2015).

11   **II.      Plaintiff's Request for Judicial Notice**

12        Plaintiff requests that the court take judicial notice of various excerpts from the legislative

13   history of California Assembly Bill 569,[3] including: (i) a copy of the Legislative Counsel's Digest

14   for Assembly Bill 569, dated February 25, 2009; (ii) a copy of the Assembly Committee on Labor

15   and Employment file for Assembly Bill 569; and (iii) a copy of the Assembly Committee on

16   Appropriations file on Assembly Bill 569.  (Doc. No. 8-1 at 3.)  Plaintiff also requests judicial

17   notice of a July 14, 2016 order from the Alameda County Superior Court overruling a demurrer in

18   *Cosmo Lopez v. Sysco Corp.*, No. RG15782744.  (*Id.*)

19        The court grants plaintiff's request for judicial notice of the legislative history for

20   Assembly Bill 569, as the court may properly take judicial notice of legislative history, including

21   committee reports.  *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d

22   937, 945 n.2 (9th Cir. 2013).  The court also grants plaintiff's request for judicial notice of the

23   July 14, 2016 court order entered in the *Lopez* action.  However, the court notes that judicial

24   notice is only granted for the purposes of noticing the existence of the lawsuit and the claims

25   /////

---

26   [3]  California Assembly Bill No. 569, A.B. 569, (Cal. 2010), elaborates on time parameters in

27   which meal periods must be provided under California Labor Code § 512.  *See Araquistain v. Pacific Gas & Electric Co.*, 229 Cal. App. 4th 227, 232 (2014) (considering the timing

28   requirements of California Labor Code § 512 by reference to Assembly Bill No. 569).

1    made therein.  *See Borneo, Inc.*, 971 F.2d at 248 (9th Cir. 1992); *Lexington Ins. Co.*, 2015 WL

2    5436784, at \*3.

3    **III.       Federal Preemption under LMRA Section 301**

4            Defendants argue that plaintiff's first through fourth claims are preempted by § 301 of the

5    LMRA and should therefore be dismissed.

6            Under the Supremacy Clause, Congress has the power to pre-empt state law.  U.S. Const.

7    art. VI, cl. 2.  There are two types of preemption—field and conflict preemption.  *Arizona v.*

8    *United States,* — U.S. —, —, 132 S. Ct. 2492, 2501 (2012); *California v. ARC Am. Corp.*, 490

9    U.S. 93, 101 (1989); *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1103 (9th Cir. 2016).  Field

10   preemption "is applied when Congress intends federal law to 'occupy the field,'" with the result

11   being that "all state law in that area is preempted." *ARC Am. Corp.*, 490 U.S. at 101; *see also*

12   *Puente Arizona*, 821 F.3d at 1103 ("A law is field preempted where (1) the 'regulatory framework

13   is so pervasive' that there is no room for state regulation, or (2) where the 'federal interest [is] so

14   dominant that the federal system will be assumed to preclude enforcement of state laws on the

15   same subject.'") (quoting *Arizona v. United States*, 132 S. Ct. at 2501).  Conflict preemption

16   exists when "the state law makes it either impossible to follow the federal law or provides a

17   significant obstacle to adhering to the federal law." *Freightliner Corp v. Myrick*, 514 U.S. 280,

18   287 (1995); *see also Arizona v. United States*, 132 S. Ct. at 2501; *CSX Transp., Inc. v.*

19   *Easterwood*, 507 U.S. 658, 664 (1993) (explaining that a state statute is preempted where it

20   conflicts with or frustrates federal law); *Puente Arizona*, 821 F.3d at 1103.

21           However, preemption only applies if it is "the clear and manifest purpose of Congress."

22   *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947); *see also McClellan v. I-Flow Corp.*,

23   776 F.3d 1035, 1039 (9th Cir. 2015) ("[T]he presumption against preemption 'applies with

24   particular force when Congress has legislated in a field traditionally occupied by the States.'")

25   (citing *Altria Group, Inc. v. Good*, 555 U.S. 70, 77 (2008)); *Puente Arizona*, 821 F.3d at 1104

26   ("In both field and conflict preemption cases, the touchstone of our inquiry is congressional

27   intent.").  Congressional intent to preempt may be express or implied.  *Donell v. Kowell*, 533 F.3d

28   762, 775 (9th Cir. 2008) (citing *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007)).

1    Express preemption occurs if a federal statute explicitly indicates that federal law is to supersede

2    state law. *Easterwood*, 507 U.S. at 664 (observing that "the task of statutory construction must in

3    the first instance focus on the plain wording of the clause, which necessarily contains the best

4    evidence of Congress' preemptive intent"); *see also Siaperas v. Montana State Compensation*

5    *Insurance Fund*, 480 F.3d 1001, 1004 (9th Cir. 2007).  Implied preemption, in contrast, occurs if

6    congressional intent to preempt is "implicitly contained in [the] structure and purpose" of a

7    federal law." *Montalvo*, 508 F.3d at 470 (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525

8    (1997)).

9         Here, defendants argue that § 301 of the LMRA preempts the state law causes of action

10   alleged in plaintiff's complaint.  In determining whether federal preemption applies to plaintiff's

11   claims, the court must look to the statute itself.  The LMRA, an amendment and expansion of the

12   National Labor Relations Act,[4] gives federal courts original jurisdiction over actions brought for

13   violations of private sector CBAs.[5]  While § 301 of the LMRA does not explicitly provide for

14   federal preemption, it is well recognized that "the subject matter of § 301 'is peculiarly one that

15   calls for uniform [federal] law,'" and that § 301 has a preemptive effect on state law. *Local 174,*

16   *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962) (quoting *Pennsylvania Ry. Co. v. Public*

17   *Serv. Comm'n*, 250 U.S. 566, 569 (1919)).  The purpose of such preemption is to ensure

18   consistent interpretation of CBAs, and to preserve the effectiveness of arbitration by allowing

19   arbitrators rather than courts to serve as the principal actors interpreting labor contracts. *See*

20   *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988) (explaining that federal

21   preemption under § 301 assures that CBA grievances "remain firmly in the arbitral realm").

22        A state law claim is subject to federal preemption under LMRA § 301 if resolution of the

23   claim requires the court to construe a provision of the CBA. *See Lingle*, 486 U.S. at 411.

24   However, "§ 301 preemption is not designed to trump substantive and mandatory state law

---

25   [4] *See* National Labor Relations (Wagner) Act of 1935, 29 U.S.C. §§ 151–69 (1988) (recognizing

26   the right of all workers to engage in collective bargaining).

27   [5] LMRA § 301 states in relevant part: "Suits for violation of contracts between an employer and a
     labor organization representing employees in an industry affecting commerce . . . may be brought

28   in any district court of the United States having jurisdiction of the parties."

regulation of the employee-employer relationship." *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002). Accordingly, not every claim which requires the court to reference a CBA is necessarily preempted. *Associated Builders & Contractors, Inc. v. Local 203 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1357 (9th Cir. 1997); *see also Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (emphasis omitted) (noting that "the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished"). Plaintiff's claim is ultimately the touchstone for this analysis. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc); *see generally Raphael v. Tesoro Refining and Marketing Co. LLC*, No. 2:15-cv-02862-ODW (Ex), 2015 WL 3970293, at *2 (C.D. Cal. June 30, 2015) ("This distinction, which divides reference to CBAs from interpretation of CBAs, is not one 'that lends itself to analytical precision.'") (emphasis omitted) (quoting *Cramer*, 255 F.3d at 691).

The Ninth Circuit has articulated a two-part test to determine whether a cause of action is preempted under LMRA § 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, the court must determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, independent of a CBA. *See id.* at 1060. If the right exists solely because of the CBA, then the claim is preempted. *See id.*; *cf. Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (observing that under Ninth Circuit precedent, § 301 does not permit parties to waive, in a CBA, non-negotiable state rights conferred on individual employees). Second, if the right exists independently of the CBA, the court must consider whether resolution of the dispute is "substantially dependent on [the] analysis of a [CBA]." *Burnside*, 491 F.3d at 1060; *see also Cramer*, 255 F.3d at 691 (noting that "'substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case"). If such dependence exists, then the claim is preempted by § 301. *See Burnside*, 491 F.3d at 1060; *see also Garley v. Sandia Corp.*, 236 F.3d 1200, 1210 (10th Cir. 2001) (observing that implied contract claims "inextricably intertwined" with a CBA are preempted). If a cause of action is based on state law, however, it will not be subject to § 301 preemption merely because the defendant refers to the CBA in mounting a defense to the claim. *See Valles v. Ivy Hill Corp.*,
/////

9

1   410 F.3d 1071, 1076 (9th Cir. 2005) (quoting *Cramer*, 255 F.3d at 691); *see also Densmore v.*

2   *Mission Linen Supply*, 164 F. Supp.3d 1180, 1187 (E.D. Cal. 2016).

3         **a.  Meal Break Claim**

4         Defendants argue that plaintiff's third claim based on violation of meal break rights under

5   California Labor Code §§ 226.7 and 512 is preempted under LMRA § 301.

6         California Labor Code § 226.7 prohibits employers from requiring employees to work

7   during meal or rest periods.[6]  Meanwhile, § 512(a) of the same code prohibits employers from

8   requiring that employees work for extended periods of time without meal periods.[7]  "Meal periods

9   are a non-negotiable right under state law." *Vasserman v. Henry Mayo Newhall Memorial Hosp.*,

10   65 F. Supp. 3d 932, 960–61 (C.D. Cal. 2014); *see also Valles*, 410 F.3d at 1076; *see generally*

11   *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1105–1114 (2007) (surveying the

12   administrative and legislative history of state law remedies for missed meal periods, and

13   describing the health and safety considerations motivating enactment of California Labor Code

14   § 226).

15         There is, however, a statutory exemption from meal period protections under the

16   California Labor Code.  Under Labor Code § 512(e), the requirements of § 512 do not apply to

17   commercial drivers[8] covered by valid CBAs that expressly provide for: (i) the wages, hours of

18   work, and working conditions of employees; (ii) meal periods; (iii) final and binding arbitration

19

---

20   [6] California Labor Code § 226.7(b) provides: "An employer shall not require an employee to
21   work during a meal or rest or recovery period mandated pursuant to an applicable [requirement]."

22   [7] California Labor Code § 512(a) provides, in relevant part: "[a]n employer may not employ an
    employee for a work period of more than five hours per day without providing the employee with
23   a meal period of not less than 30 minutes," and that "[a]n employer may not employ an employee
    for a work period of more than 10 hours per day without providing the employee with a second
24   meal period of not less than 30 minutes, except that if the total hours worked is no more than 12
    hours, the second meal period may be waived by mutual consent of the employer and the
25   employee only if the first meal period was not waived."

26   [8] Under California Labor Code § 512(g)(1), "commercial driver" is defined as "an employee who
27   operates a vehicle described in Section 260 or 462 of, subdivision (b) of section 15210, of the
    Vehicle Code."  Because plaintiff's complaint identifies him as a truck driver, he is a
28   "commercial driver" for purposes of this analysis.  *See Densmore*, 164 F. Supp. 3d at 1193 n.6.

1    of disputes concerning application of meal period provisions, premium wage rates for all

2    overtime hours worked; and (iv) a regular hourly rate of pay not less than thirty percent more than

3    state minimum wage.  Cal. Lab. Code § 512(e).

4            Federal courts in this circuit analyzing the question of whether meal break claims under

5    Labor Code § 226.7 and § 512 are preempted under § 301 of the LMRA have come to different

6    conclusions depending on the terms of the CBA before the court.  Some district courts have held

7    that § 301 preempts state law meal break claims under the second prong of the test announced by

8    the Ninth Circuit in *Burnside*.  *See, e.g.*, *Raphael v. Tesoro Refining and Marketing Co., LLC*, No.

9    2:15-cv-02862-ODW (Ex), 2015 WL 3970293, at *6–7 (C.D. Cal. June 30, 2015); *Coria v.*

10   *Recology, Inc.,* 63 F. Supp. 3d 1093, 1098–1100 (N.D. Cal. 2014); *Buck v. Cemex*, No. 1:13-cv-

11   00701-LJO-MJS, 2013 WL 4648579, at *6 (E.D. Cal. Aug. 29, 2013).  These courts have

12   generally reasoned that determining whether a plaintiff is entitled to meal period protections of

13   the California Labor Code, or is exempted from meal period protections under Labor Code

14   § 512(e), requires interpreting the provisions of the particular CBA at issue.  However, those

15   courts have also found that resolution of a plaintiff's claims in this regard to "substantially

16   depend" on an interpretation of the CBA only after identifying a lack of clarity in the terms of the

17   particular CBA at issue, or a dispute between the parties as to interpretation of those terms.  *See,*

18   *e.g.*, *Raphael*, 2015 WL 3970293, at *6–7 (finding that plaintiff's state law claim failed under the

19   second *Burnside* prong because the relevant CBAs involved "a plethora of provisions in need of

20   interpretation," and distinguishing cases that have not found meal break claims preempted as

21   involving "no dispute regarding the terms of the CBA").

22           Other federal district courts have found that meal break claims are not subject to

23   preemption, because defensive invocation of California Labor Code § 512(e) does not

24   demonstrate that the meal period rights necessarily derive exclusively from the CBA, and because

25   resolution of the § 512 claim does not require interpretation of the particular CBA so long as that

26   CBA has clear, undisputed terms.  *See Densmore*, 164 F. Supp. 3d at 1193–94 (finding that § 301

27   did not preempt plaintiff's state law meal period claims because defensive invocation of a

28   statutory exemption to state law health and safety requirements "does not demonstrate that [the

1    claim] cannot exist outside of the CBA," and because "there is no clear dispute in the terms of the

2    CBAs between [the parties]); *Vasserman*, 65 F. Supp. 3d at 960–61 (noting that the CBA

3    provisions at issue were "straightforward and clear"); *Sanchez v. Calportland Co.*, No. 2:15–cv–

4    07121–CAS–SHx, 2015 WL 6513640, at *3–4 (C.D. Cal. Oct. 26, 2015) ("No 'interpretation' is

5    needed of the CBA at issue—which is straightforward and clear—to determine whether it

6    provides an employee with the rights listed in sections 512(e)."); *see also Valdez v. Nat'l Retail

7    Transportation, Inc.*, No. CV 16-2057 DMG (AJWx), 2016 WL 2992489, at *5 (C.D. Cal. May

8    24, 2016).

9         In their motion to dismiss, defendants argue that plaintiff's meal break claim is preempted

10   by § 301 under both prongs of the *Burnside* test.  (Doc. No. 5 at 13–15.)  First, defendants argue

11   that under California Labor Code § 512(e), meal break protections of the California Labor Code

12   do not apply to drivers such as plaintiff, and his claims can therefore only arise from the CBA.

13   (*Id.* at 13.)  Defendants also argue that plaintiff's claim is substantially dependent on the CBA,

14   because it attacks defendants' general business practices, and thus requires the court to evaluate

15   defendants' compliance with a variety of obligations under the applicable CBA.  (*Id.* at 14–15.)

16   Plaintiff contests these arguments, asserting that his meal break claim is not subject to preemption

17   under LMRA § 301 because it does not fail under either prong of the *Burnside* test.  (Doc. No. 8

18   at 12–14.)

19        In his complaint, plaintiff alleges that defendants failed to provide him and other class

20   members with thirty minute, uninterrupted meal periods, and failed to provide an additional

21   uninterrupted meal period on days where they worked in excess of ten hours, in violation of

22   California Labor Code § 226.7.  (Doc. No. 1-1 at 34–36, ¶¶ 113–114, 124–125.)  This cause of

23   action is thus expressly premised on plaintiff's state law rights.  Because these meal period rights

24   are considered "non-negotiable" under California law, plaintiff's claims are not subject to

25   preemption under LMRA § 301.  *See Vasserman*, 65 F. Supp. 3d at 960–61; *see also Valles*, 410

26   F.3d at 1082; *Densmore*, 164 F. Supp. 3d at 1193–94; *Roth v. CHA Hollywood Med. Ctr., L.P.*,

27   No. 2:12–cv–07559–ODW (SHx), 2013 WL 5775126, at *3 (C.D. Cal. Oct. 25, 2013); *Meyer v.

28   Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1244 (C.D. Cal. 2010).  While defendants argue that

1   plaintiff's cause of action arises solely from the CBA due to the applicability of § 512(e),

2   defendants' defensive invocation of the § 512(e) exemption does not, standing alone, trigger

3   preemption.  *See Cramer*, 255 F.3d at 691 (explaining that § 310 preemption "is not mandated

4   simply because defendant refers to the CBA in mounting a defense"); *Balcorta*, 208 F.3d at 1106

5   (noting that it is "well settled law that a case may not be removed to federal court on the basis of a

6   federal defense, including a defense of preemption, even if the defense is anticipated in the

7   plaintiff's complaint, and even if both parties concede that the federal defense is the only question

8   truly at issue") (internal citation omitted); *see also Valles*, 410 F.3d at 1082 ("[A]ny provision of

9   the collective bargaining agreement purporting to waive the right to meal periods would be of no

10  force or effect: The right in question is plainly nonnegotiable."); *Densmore*, 164 F. Supp. 3d at

11  1193–94 ("defensive invocation of CLC § 512(e)'s exemption is not enough to demonstrate that

12  the rights set forth in [plaintiff's] § 512 claim will fail the first prong of *Burnside*'s test");

13  *Sanchez v. Calportland Co.*, No. 2:15–cv–07121–CAS–SHx, 2015 WL 6513640, at *3–4 (C.D.

14  Cal. Oct. 26, 2015) (same); *Vasserman*, 65 F. Supp. 3d at 960 (finding that, because meal periods

15  are a non-negotiable right under state law, plaintiff's claims were not preempted, even where the

16  CBA included language entitling employees to such breaks).  Thus, plaintiff's meal break claim

17  does not fail the first prong of the *Burnside* test.

18       Resolution of plaintiff's meal period claim also does not "substantially depend" upon

19  analysis of the relevant CBA.  In their motion to dismiss, defendants reference three provisions in

20  the relevant CBA relating to meal periods: Articles 7, 15, and 18.  (Doc. No. 5 at 13–14.)

21  Defendants do not indicate that there is any ambiguity in these provisions, however, or that there

22  is a dispute between the parties as to interpretation of their terms.  This case is thus

23  distinguishable from cases such as *Raphael*, which involved eight separate CBAs, ambiguous

24  provisions within each agreement, and disputes amongst the parties as to the proper interpretation

25  of those provisions.  *See Raphael*, 2015 WL 3970293, at *6–7.  Given the clear and undisputed

26  nature of the applicable CBA terms here, the court concludes that plaintiff's meal period claim

27  does not fail the second prong of the *Burnside* test.  Therefore, plaintiff's meal period claim is not

28  subject to § 301 preemption.  *See Densmore*, 164 F. Supp. 3d at 1184 (finding that plaintiff's

13

1    meal period claim under the California Labor Code was not preempted by § 310 because the

2    terms of the CBA were clear and undisputed, and distinguishing cases that have found preemption

3    of similar claims by noting that the CBAs in those cases were either not clear or disputed by the

4    parties); *Avalos v. Foster Poultry Farms*, 801 F. Supp. 2d 959, 963 (E.D. Cal. 2011) (finding that

5    no interpretation of the CBA was required where the action "rests on the 'purely factual' issue of

6    whether Defendant violated California law by not compensating Plaintiffs for all of the time

7    worked"); *cf. Raphael*, 2015 WL 3970293, at *6–7 (emphasizing "a clear dispute between the

8    parties as to the interpretation and application of the [CBA]"); *Buck*, 2013 4648579, at *6–7

9    (noting that "since the CBA makes specific and rather unique provision for meal breaks for

10   drivers, the CBA must be consulted to determine if Defendants met its obligation to Plaintiff and

11   to similarly situated drivers with regard to meal breaks").

12       **b.  Rest Break Claim**

13       Defendants also contend that plaintiff's fourth claim based on alleged violation of state

14   law rest break rights is preempted under § 301 of the LMRA.

15       As noted above, California state law prohibits employers from requiring employees to

16   work during rest periods, and establishes specific requirements for when employers must provide

17   rest periods to employees.  *See* Cal. Lab. Code § 226.7 ("An employer shall not require an

18   employee to work during a meal or rest or recovery period mandated pursuant to an applicable

19   statute, or applicable regulation, standard, or order of the Industrial Welfare Commission.").

20       Here, defendants move to dismiss plaintiff's rest break claim, arguing that it is subject to §

21   301 preemption because it fails the second prong of the *Burnside* test.  (Doc. No. 5 at 14–15.)  As

22   with plaintiff's meal break claim, defendants argue that plaintiff's rest break claim is substantially

23   dependent on the CBA because it presents a broad attack on defendants' business practices,

24   requiring analysis of defendants' compliance with their obligations under the governing CBA.

25   (*Id.*)

26       In response, plaintiff contends that his rest break claim is not subject to § 301 preemption

27   because it arises purely out of state law, and because defendants have not met their burden of

28   showing that the claim is substantially dependent on interpretation of the CBA.  (*Id.* at 14–16.)

14

1    Plaintiff's fourth claim for violation of state law rest break rights plainly arises out of state

2    law.  In this regard, plaintiff's complaint alleges violations of California Labor Code § 226.7 and

3    applicable California Wage Orders rather than violations of the CBA or other federal law.  (Doc.

4    No. 1-1 at 38, ¶ 140.)  Defendants do not contest that plaintiff's rest break claim seeks to

5    vindicate independent state law rights.  Plaintiff's rest break claim therefore does not fail the first

6    prong of the *Burnside* test.  *See Densmore*, 164 F. Supp. 3d at 1195; *Meyer*, 723 F. Supp. 2d at

7    1244–45.

8    Plaintiff's rest break claim also does not substantially depend on the CBA.  The CBA has

9    only one provision addressing employee entitlements to rest periods, Article 18, which states as

10   follows:

11
12   All employees shall be allowed a rest period of fifteen (15) minutes
     which includes travel time, with pay, at or near the middle of each
     four (4) hour period of work, and at the end of eight (8) hours if one
     (1) hour or more overtime is anticipated. Employees on a 4x10
13   schedule shall receive two fifteen minute breaks and an additional
     fifteen (15) minute break if at the end of the 4x10 shift if he is
14   scheduled to work an hour or more of overtime.

15   (Doc. No. 6 at 19, Art. 18(B)(2).)  Given that this provision is clear and its interpretation is not

16   disputed by the parties, the court concludes that plaintiff's rest break cause of action does not fail

17   the second prong of the *Burnside* test.  *See Densmore*, 164 F. Supp. 3d at 1195; *Roth*, 2013 WL

18   5775126, at *2 (finding that plaintiff's rest break claim brought under Labor Code § 226.7 did not

19   fail either prong of the *Burnside* test and was not subject to federal preemption); *Hererra v.*

20   *Perez*, No. CV 12-1101 CAS (AGRx), 2012 WL 1044302, at *3 (C.D. Cal. Mar. 27, 2012)

21   (same); *cf. Curtis v. Irwin Industries, Inc.*, No. 2:15-cv-02480-ODW(Ex),  2016 WL 4975188, at

22   *3–4 (C.D. Cal. Sept. 16, 2016) (declining to amend judgment finding plaintiff's rest break claim

23   preempted because "[t]here is a clear dispute between the parties" as to interpretation of the

24   CBA"); *see generally Livadas*, 512 U.S. at 124 (concluding that "when the meaning of contract

25   terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of

26   state-law litigation plainly does not require the claim to be extinguished.").  Accordingly,

27   plaintiff's fourth claim for violation of rest period requirements under state law is not preempted

28   by § 301 of the LMRA.

15

1          **c.   Straight Time Wages Claim**

2          Defendants next argue that plaintiff's first claim for failure to pay straight time wages is

3   subject to preemption under § 301 of the LMRA.

4          Under California law, employees who do not receive their full wages owed may bring an

5   action to recover the unpaid balance.  Cal. Lab. Code § 204(a) ("All wages . . . earned by any

6   person in any employment are due and payable").

7          Here, defendants contend that plaintiff's straight time wage claim is preempted under

8   LMRA § 301 because it is derivative of his meal and rest break claims that are based on CBA-

9   created rights.  (Doc. No. 5 at 15.)  Because plaintiff's claim derives from CBA-created rights,

10   defendants contend, it fails the first *Burnside* prong and is subject to § 301 preemption.  (*Id.*)

11   Plaintiff disputes this contention, arguing that the claim for straight time wages is not derivative

12   of his meal and rest break claims, and is instead based on an independent right under California

13   law to be paid for all hours worked.  (Doc. No. 8 at 17.)

14          Plaintiff alleges in his complaint that defendants "have had a continuous policy of not

15   paying Plaintiffs (sic) and those similarly situated for all hours worked," and that this policy

16   violated the California Labor Code.  (Doc. No. 1-1 at 4, 28, ¶¶ 6, 86.)  This claim thus "arises

17   from state law."  *Burnside*, 491 F.3d at 1064.  Moreover, in their motion to dismiss and notice of

18   removal, defendants do not argue that plaintiff's right to be paid straight time wages corresponds

19   to any particular provision in the CBA, and the court is unable to identify such a provision in the

20   agreement.  (Doc. Nos. 1, 5.)  Given that plaintiff's cause of action for failure to pay straight time

21   wages inheres in state law and has no basis in the CBA, it is not subject to § 301 preemption

22   under the first prong of the *Burnside* test.  Accordingly, the court concludes that plaintiff's first

23   cause of action for failure to pay all straight time wages is not preempted by LMRA § 301 and

24   defendants are thus not entitled to dismissal of this claim.

25          **d.   Overtime claim**

26          Lastly, defendants argue that plaintiff's second claim for failure to pay overtime wages is

27   preempted under § 301.  (Doc. No. 5 at 16.)

28   /////

16

1    Under California Labor Code § 510, workers are entitled to overtime wages payable at the

2    rate of at least one and one-half times their regular rate of pay for all work performed in excess of

3    eight hours in one work day, or in excess of forty hours in one work week.  Under § 514 of the

4    California Labor Code, however, the protections of § 510 do not apply to employees covered by a

5    valid CBA if the agreement "expressly provides for wages, hours of work, and working

6    conditions of the employees, and . . . provides premium wage rates for all overtime hours

7    worked," as well as "a regular hourly rate of pay for those employees of not less than 30 percent

8    more than the state minimum wage."  Cal. Lab. Code § 514.

9    In their motion to dismiss, defendants argue that plaintiff's state law claim for overtime

10   wages is subject to preemption under § 301 for two reasons.  Defendants first argue that

11   plaintiff's claim for overtime pay is premised on rights created by the CBA because California

12   Labor Code § 514 establishes that state law overtime requirements do not apply to employees

13   covered by valid CBAs.  (Doc. No. 5 at 16.)  Alternatively, defendants argue that plaintiff's

14   overtime pay claim is preempted under the second prong of the *Burnside* test in that calculation of

15   overtime pay requires interpretation of the CBA.  (*Id.* at 16.)

16   While not conceding that his second cause of action for overtime pay is subject to § 301

17   preemption, plaintiff in his opposition seeks to withdraw that claim.  (Doc. No. 8 at 10 n.1.)  As a

18   preliminary matter, the court notes that the deadline for plaintiff to amend his complaint as of

19   right under Federal Civil Procedure Rule 15 has expired.  *See* Fed. R. Civ. P. 15(a)(1) (stating that

20   a party may amend its pleading once as a matter of course within twenty one days of service, or

21   twenty one days after service of a responsive pleading); *Hells Canyon Preservation Council v.*

22   *United States Forest Service*, 403 F.3d 683, 699 (9th Cir. 2005) (when a plaintiff dismisses "one

23   or more but less than all of several claims, but without dismissing as to any of the defendants,"

24   Rule 15(a) is the appropriate mechanism); *see generally Ethridge v. Harbor House Restaurant*,

25   861 F.2d 1389, 1392 (9th Cir. 1988) (observing that "a plaintiff may not use Rule 41(a)(1)(i) to

26   dismiss, unilaterally, a single claim from a multi-claim complaint").  Therefore, the court's

27   granting of leave to amend the complaint is necessary for plaintiff's dismissal of any claims.  *See*

28   Fed. R. Civ. P. 15(a)(2)("In all other cases, a party may amend its pleading only with the

17

1   opposing party's written consent or the court's leave.").  Since the court's subject matter

2   jurisdiction over the present action is dependent on a finding of federal preemption over one or

3   more of plaintiff's claims, the court will first consider whether plaintiff's second cause of action

4   for overtime is preempted before analyzing whether to grant leave to amend under Rule 15(a).

5       In his complaint, plaintiff alleges that he and other class members were not paid overtime

6   after working over eight hours per day and over forty hours per week, in violation of applicable

7   state law.  (Doc. No. 1-1 at 31, ¶ 100.)  On its face, through this cause of action plaintiff thus

8   seeks to vindicate rights conferred by state law rather than rights conferred in the relevant CBA.

9   Defendants argue that plaintiff's claims cannot spring from state law because the § 514 statutory

10  exemption applies here.  However, as discussed above with respect to plaintiff's meal break

11  claims, the defensive invocation of a statutory exemption is not enough to trigger preemption

12  under the first prong of the *Burnside* test.  *See Gregory v. SCIE*, 317 F.3d 1050, 1051–3 (9th Cir.

13  2003) (finding that plaintiff's claim for overtime pay under California Labor Code § 510 was not

14  subject to preemption based on defendant's invocation of the § 514 statutory exemption);

15  *Densmore*, 164 F. Supp. 3d at 1189–91 ("CLC § 514 is an affirmative defense, the mere

16  invocation of which does not demonstrate that a CLC § 510 claim cannot exist outside of the

17  CBA.") (and cases cited therein); *Bryant v. Catholic Healthcare West*, No. CV 11–07490 DDP

18  (JCGx), 2012 WL 3425649, at *2–3 (C.D. Cal. Aug. 13, 2012) (rejecting defendant's argument

19  that plaintiff's claim for overtime wages was preempted due to applicability of the § 514 statutory

20  exemption, and observing that "this very argument has already been rejected by the Ninth Circuit

21  [in *Gregory*]"); *Townsend v. Brinderson Corp.*, No. CV 14–5320 FMO (RZx), 2015 WL

22  3970172, at *11 (C.D. Cal. June 30, 2015) ("[B]ecause [defendant] is essentially relying on the

23  defensive use of the CBA, there is no preemption").  The court therefore concludes that plaintiff's

24  overtime claim arises out of state law for purposes of the preemption analysis.

25       The court also rejects defendants' argument that resolution of plaintiff's overtime pay

26  claim would require the court to interpret the CBA.  In this regard, defendants argue in

27  conclusory fashion that interpretation of the CBA is necessary because its provisions must be

28  analyzed to determine plaintiff's entitlement to overtime wages.  (Doc. No. 5 at 16.)  However,

18

1   defendants do not point to any ambiguities in applicable provisions of the CBA, or note disputed

2   terms within the agreement requiring interpretation with respect to plaintiff's overtime pay claim.

3   The court therefore concludes that resolution of this claim is not substantially dependent on the

4   CBA and is not subject to § 301 preemption under the second prong of the *Burnside* test.

5   *Compare Gregory v. SCIE*, 317 F.3d at 1051–3 ("[P]laintiff's claim is based entirely on state law.

6   There is no dispute over the terms of the CBA or its interpretation.") and *Densmore*, 164 F. Supp.

7   3d at 1197 (finding that LMRA § 301 did not preempt the plaintiff's state law claim for overtime

8   wages because defensive invocation of § 514 was insufficient to trigger preemption, and because

9   there were no disputed or unclear terms in the CBA requiring interpretation), *with Firestone v.*

10  *Southern California Gas Co.*, 219 F.3d 1063, 1065–1067 (9th Cir. 2000) (finding that the

11  plaintiff's state law overtime pay claim in that case was not independent of the CBA under

12  federal preemption law, because the parties "disagree on the meaning of terms in the [CBA]").

13      Having found that plaintiff's first through fourth claims are not subject to federal

14  preemption, the court concludes that defendants cannot meet their burden of demonstrating

15  federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff's request for dismissal of his

16  second cause of action for overtime wages is denied, as the court remands the entire action to

17  state court.  *See* 28 U.S.C. § 1447(C) ("If at any time before final judgment it appears that the

18  district court lacks subject matter jurisdiction, the case shall be remanded."); *Moore-Thomas v.*

19  *Alaska Airlines Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly

20  construed, and any doubt about the right of removal requires resolution in favor of remand."); *see*

21  *generally Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("Federal courts

22  are required sua sponte to examine jurisdictional issues.").

23                                          CONCLUSION

24      For the reasons set forth above, the undersigned concludes that plaintiff's first, second,

25  third, and fourth causes of action are not subject to federal preemption and that as a result this

26  court lacks subject matter jurisdiction over plaintiff's action. Accordingly, this case will be

27  remanded to the Inyo County Superior Court, and defendants' motion to dismiss will be denied as

28  moot in light of this order.  *See* 28 U.S.C. § 1447(C); *see also Vasserman*, 65 F. Supp. 3d at 985

(denying as moot defendant's motion to dismiss after finding a lack of subject matter jurisdiction).[9]

IT IS SO ORDERED.

Dated:    **November 4, 2016**

UNITED STATES DISTRICT JUDGE

---

[9] Having found that the court lacks subject matter jurisdiction over this action, the court will not address defendants' arguments for dismissal of plaintiff's fifth, sixth, seventh, and eighth causes of action.